SUMMARY ORDER

Petitioner Jian Feng Lin, a native and citizen of the People’s Republic of China, seeks review of an April 4, 2008 order of the BIA, affirming the April 8, 2004 decision of Immigration Judge (“IJ”) Joanna M. Bukszpan, which pretermitted Lin’s application for asylum and denied his applications for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Jian Feng Lin, No. A77 546 277 (B.I.A. Apr. 4, 2008), affg No. A77 546 277 (Immig. Ct. N.Y. City, Apr. 8, 2004) .[1] We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005) . This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). The Court reviews de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir .2008).
As a preliminary matter, because Lin has failed to challenge before this Court the agency’s pretermission of his asylum application as untimely, the agency’s denial of his CAT claim, and the agency’s finding that he failed to demonstrate a probability of future persecution as to his withholding of removal claim, we deem such challenges and claims waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir. 2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice).
We find no error in the agency’s determination that Lin failed to meet his burden of proof for withholding of removal. The agency correctly determined that Lin was ineligible for withholding of removal based solely on his wife’s forced sterilization. We have held that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 314 (2d Cir.2007). Accordingly, Lin’s withholding of removal claim, to the extent it is based on his wife’s forced abortion, “is doomed.” See Shu Wen Sun v. BIA, 510 F.3d 377, 381 (2d Cir.2007); Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007).
Moreover, the agency properly found that Lin failed to adequately raise a past *998 persecution claim based on his own resistance to China’s population control program. 8 U.S.C. § 1101(a)(42)(B). Although Lin allegedly was fined and suffered from emotional distress, he mentioned these facts before the agency solely as incidents of his wife’s forced abortion. Lin never advanced an independent claim of past persecution based on the fine and emotional distress. Even if he had, the record does not compel the conclusion that he paid a fine to the Chinese authorities because of his other resistance; rather, he and his wife paid a fine because of excessive births. See Shi Liang Lin, 494 F.3d at 313 (holding that “impregnating one’s girlfriend is not alone an act of resistance”) (citation and internal quotation marks omitted). Accordingly, the agency properly concluded that Lin did not meet his burden of demonstrating past persecution, and the agency’s denial of Lin’s withholding of removal claim was not in error. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The BIA's April 2008 decision also addressed the IJ’s June 2006 decision clarifying her ruling on Lin’s untimely application for asylum.